IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


**ALAN M. ARNOLD**                                                                            **PETITIONER**


VS.                               **CASE NO. 2:05CV00098 JLH/HDY**


**LINDA SANDERS,**
**WARDEN, FCI FORREST**
**CITY, ARKANSAS**                                                                            **RESPONDENT**


**FINDINGS AND RECOMMENDATION**


**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite 402
      Little Rock, AR 72201-3325

**DISPOSITION**

On August 15, 2002, Alan M. Arnold entered a guilty plea in the United States District Court for the Western District of Missouri to conspiring to distribute crack cocaine in the amount of five grams or more. On January 16, 2003, Mr. Arnold was sentenced to 115 months of imprisonment and ordered to forfeit $7,815. Mr. Arnold received a two-level enhancement for possessing a firearm in connection with the offense. Mr. Arnold did not pursue a direct appeal. He subsequently sought relief from the trial court pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and various other claims for relief. This request was denied on May 11, 2004. Both the district court and the Eighth Circuit Court of Appeals denied Mr. Arnold's request for a certificate of appealability. Mr. Arnold is now in custody at Forrest City, Arkansas. The petition filed with this Court seeks relief pursuant to 28 U.S.C. § 2241.

The petitioner advances the following claim for relief – his sentence is illegal because the two-level enhancement violates the Eighth Amendment's proscription against cruel and unusual punishment.

A threshold issue must be addressed before proceeding to the merits of the petitioner's claims: is a section 2241 petition the proper method for raising the arguments? Typically, section 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence, which is properly challenged via a section 2255 petition filed with the sentencing court. *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986). Mr. Arnold's claim targets the imposition of the sentence, not its execution or the conditions of confinement. An exception to the general rule exists, in that section 2241 relief is available if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Thus, the issue is whether section 2255 is inadequate or ineffective to test the legality of the petitioner's conviction. Anticipating this problem, Mr. Arnold argued this point in his petition. In addition, he submitted another pleading on this issue. See docket entry no. 5.

We are guided by the Eighth Circuit Court of Appeals decision in *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). The Court considered whether section 2255 relief was inadequate or ineffective:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or

> successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

207 F.3d at 1077. The Court further noted that the petitioner's claims could have been advanced in a timely § 2255 petition, and that the petitioner bears the burden of showing § 2255 relief inadequate or ineffective. *See, also, Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).

*United States v. Lurie* directly addresses the facts at hand in finding that "the § 2255 motion is not inadequate or ineffective merely because . . .§2255 relief has already been denied." 207 F.3d at 1077. As a result, section 2241 is not available to the petitioner in this instance. Mr. Arnold bears the burden of demonstrating that section 2255 relief in the sentencing court would be inadequate or ineffective. He fails to carry that burden, as explained in *United States v. Lurie.*

Specifically, Mr. Arnold notes that his claim for relief arose only after *United States v. Booker*, 125 S.Ct. 738 (2005). As a result, he contends that he had no opportunity to raise his claim in his earlier section 2255 petition. He further reasons that section 2241 should be available for him as an avenue to now raising this claim. The flaw with this argument is that *Booker* has not been deemed to retroactively apply to cases on collateral review. If *Booker* is later made retroactively applicable by the Supreme Court, then section 2255 specifically provides that the petitioner would be entitled to pursue a second or successive section 2255 petition.

The circumstances here are similar to the claims of Ivo Perez and John Ruotolo, who desired to utilize section 2241 to pursue a claim based upon *Apprendi v. New Jersey*, 530 US. 466 (2000). These petitioners argued that section 2255 did not provide them with an adequate or effective means to raise their *Apprendi* claims and, as a result, section 2241 should be available

to them.  The Eighth Circuit Court of Appeals addressed this argument:

> We believe this argument is flawed because it attributes blame to the wrong source. Perez and Ruotolo contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion. To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that *Apprendi* applies retroactively to past criminal convictions. Neither Perez nor Ruotolo may raise an *Apprendi* claim in a second § 2255 motion unless and until *Apprendi* applies retroactively. (citation omitted).  And only the Court may declare *Apprendi* 's new rule to have retroactive force in a manner affecting successive § 2255 motions. *See Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001).
>
> We have held that a " § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir.2000) (internal citations omitted). So too, we believe § 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively. In that case, only a substantive legal rule (the new constitutional doctrine's non-retroactivity) prevents the federal prisoner from correcting his sentence. Of course, that impediment cannot be charged to the § 2255 remedy. We believe the remedy by motion *is* adequate and effective to raise an *Apprendi* claim, which challenges the imposition of a sentence exceeding the maximum sentence permitted by law. *See* 530 U.S. at 490, 120 S.Ct. 2348. Section 2255 accommodates such a claim by authorizing a motion to "correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law."
>
> Appellants' attempts to gain relief have not been hampered by the § 2255 remedy itself. Rather, they cannot presently obtain relief because the constitutional doctrine announced in *Apprendi* has not been made retroactive by the Court. The most convincing demonstration of this point is that if the Court makes *Apprendi* 's new rule retroactive, Perez and Ruotolo may then raise their claims in second § 2255 motions. *See* 28 U.S.C. § 2255(3). Thus § 2255 is not "inadequate or ineffective."

*U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

As in *Perez*, we find section 2255 is not inadequate or ineffective under the

circumstances of this case, where *Booker* has not been held to retroactively apply.  Based upon

5

the foregoing, we recommend that the petition for habeas corpus be dismissed and the relief requested be denied.

    IT IS SO ORDERED this _2_ day of August, 2005.

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE